IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **AMANDA WILSON, on behalf of herself and all others similarly situated,**<br>c/o Cornerstone Law Firm<br>5821 NW 72nd Street<br>Kansas City, MO 64151<br><br>  Plaintiff,<br><br>v.<br><br>**PREFERRED FAMILY HEALTHCARE, INC.**<br>a Missouri corporation,<br>*Serve Registered Agent:*<br>MICHAEL T. SCHWEND<br>900 East LaHarpe Street<br>Kirksville, MO 63501<br><br>  Defendant. | Case No. 4:22-cv-00352 |

**COMPLAINT FOR DAMAGES**
**Collective Action Under the FLSA**

COMES NOW Plaintiff Amanda Wilson (hereinafter "Plaintiff Wilson"), by and through her attorneys, on behalf of herself and a class of others similarly situated, and for her cause of action against Preferred Family Healthcare, Inc. (hereinafter referred to as "Defendant") states as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action against Defendant for unpaid overtime compensation and related penalties and damages. Defendant's primary function is to provide services related to mental and behavioral health, substance abuse, employment, developmental disabilities, child welfare, and other medical issues. Defendant's practice and policy is to deny compensation to its employees for hours worked above forty (40) hours in any workweek. Defendant refused to pay overtime to

employees for hours worked if Defendant believed the work completed did not justify the need for overtime pay, despite requiring employees to finish their assigned work which was nearly impossible to complete in forty (40) hours. As a result, Plaintiff and all other similarly situated have not been paid appropriate overtime under the Fair Labor Standards Act ("FLSA").

2. At all times herein pertinent, Defendant's "community support specialists" were compelled to work at least fifty (50) hours per week on average in order to complete their assigned duties. However, Defendant chose to only compensate these employees for this time worked beyond the standard forty-hour work week with a maximum of five (5) hours of overtime per week. Doing so denies such employees compensation for all work performed and is in direct violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), which gives rise to wage-related collective claims pursuant to 29 U.S.C. § 216(b).

3. Defendant's practices are in direct violation of the FLSA, and Plaintiff seeks compensation for work performed, overtime premiums for all overtime work required, suffered, or permitted by Defendant; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

## PARTIES

4. Plaintiff is a female citizen of the United States, residing in Kahoka, Clark County, Missouri. Plaintiff worked at Defendant's place of business located in Kirksville, Adair County, Missouri.

5. Others similarly situated for the purposes of this collective action also work and/or worked at one of Defendant's approximately 79 locations in Missouri, Kansas, Illinois, and Oklahoma as employees who worked more than forty (40) hours per week without being appropriately compensated pursuant to the FLSA.

6. Plaintiff was employed by Defendant at their Kirksville, Missouri location as a community support specialist from on or about January 7, 2019, until she was terminated on or about September 17, 2020. During this timeframe, Plaintiff worked as a community support specialist and did not manage any employees. Plaintiff's only job was to engage in a required number of client encounters per day and complete the associated documentation related to each encounter.

7. Defendant is incorporated in the State of Missouri, registered to do business with the Missouri Secretary of State and is authorized to do business in the State of Missouri.

8. Defendant is and was at all relevant times a corporation duly organized under the laws of Missouri, was active and in good standing in the State of Missouri, with its administrative offices located at 900 E. Laharpe St., Kirksville, Missouri 63501.

9. At all relevant times, Defendant employed Plaintiff.

10. Defendant Preferred Family Healthcare, Inc. is an employer within the meaning of the FLSA, 29 U.S.C. §§ 201 *et. seq.*

## JURISDICTION AND VENUE

11. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*

12. The United States District Court for the Western District of Missouri has personal jurisdiction because Defendant conducts business within this District and the acts that give rise to these claims arose in the Eastern District.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as the Defendant has offices, conducts business, and can be found in the Eastern District of Missouri, and the cause of action set forth herein has arisen and occurred, in part, in the Eastern District of Missouri. Venue

is also proper under 29 U.S.C. § 1132(e)(2) because Defendant has substantial business contacts within the Eastern District of Missouri.

14. At all relevant times, Defendant has been an "employer" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant has employed "employee[s]," including the putative representative action Plaintiff and those persons situated similarly to the Plaintiff as described herein. At all relevant times, Plaintiff and other members of the class were engaged in commerce and/or worked for Defendant, which is an enterprise engaged in commerce. Defendant is engaged in interstate commerce because it provides behavioral health services and other medical care to individuals located throughout the State of Missouri and outside of the State of Missouri. Moreover, Defendant has employees who regularly communicate with persons located in other States, handle records of interstate transactions, and travel to other States on their jobs. Lastly, Defendant's annual gross volume business done is not less than $500,000.00.

**GENERAL ALLEGATIONS**

15. Plaintiff held the position of Community Support Specialist from approximately one-and-a-half years.

16. As a community support specialist, Plaintiff taught coping skills to individuals with substance abuse and/or mental health issues.

17. Plaintiff's primary job duties were to engage in a certain amount of client encounters each workday and to complete the required documentation associated with each encounter.

18. In order to appropriately engage with clients, approximately sixty-seven (67%) percent of Plaintiff's work week was to be spent face-to-face with clients, oftentimes requiring Plaintiff to travel to meet the clients.

19. In addition to meeting with clients, Plaintiff was required to engage in a certain number of encounters each day that were eligible for Medicaid reimbursement.

20. To be eligible for Medicaid reimbursement, the encounter must last a minimum of eight (8) minutes.

21. The Defendant's policies required employees to meet a certain number of encounters and complete all related documentation no matter how many hours it took.

22. In addition to properly documenting each encounter, Plaintiff and other employees were required to keep track of the time they spent on each encounter and on their various other assignments.

23. The Defendant's policy and practice was to not pay Plaintiff and other employees if their time tracked throughout the week allegedly did not "justify" the need for overtime that week.

24. In order to meet the required number of encounters eligible for Medicaid reimbursement each week and to make sure the encounters were properly documented, Plaintiff and other employees regularly worked before and/or after the normal business hours, including during lunch breaks.

25. Oftentimes, Plaintiff would work from 6:00 a.m. until 7:00 p.m. in order to engage in the required number of encounters and to sufficiently document the encounters thereafter.

26. Defendant threatened Plaintiff and other employees with disciplinary write-ups if they included overtime hours on their timesheets.

27. The Defendant's actual practice was to reprimand Plaintiff and other employees who took longer than forty (40) hours per week to complete their work.

28. Plaintiff informed her supervisor(s) several times that she and other community support specialists were not receiving just compensation for the hours they worked in excess of forty (40) hours each week to fulfill all of their job responsibilities.

29. Plaintiff and other community support specialists reasonably believed that if they documented more than forty (40) hours of work each week, they would be reprimanded and/or disciplined, even if their job duties necessitated working more than forty (40) hours per week.

30. As a result of this, Plaintiff started to record only forty (40) hours per week on her time sheet, even though she regularly worked over forty (40) hours per week.

31. Defendant's practice was to not pay Plaintiff and other community support specialists for their hours worked in excess of forty (40) hours each week.

32. Defendant knew or should have known that Plaintiff was performing work in excess of 40 hours each workweek, because Plaintiff frequently exchanged emails with her supervisor outside of her regularly-scheduled hours, and because the Credible electronic health record system that Plaintiff and other similarly-situated employees used to document their interactions with clients reflects a time-stamped entry.

33. Defendant has a pattern and practice of requiring Plaintiff and other community support specialists to work overtime hours without compensation.

34. Additionally, Defendant had a policy of requiring some community support specialists to complete coursework which took approximately twenty (20) hours per week to complete.

35. Plaintiff and other similarly situated employees who were chosen to complete the coursework regularly worked on the weekends to catch up on their requisite duties.

36. Plaintiff and other similarly situated employees were not paid for the time it took them to complete this coursework, nor for the time they had to spend to complete their other required duties to the extent such additional work required them to work more than forty (40) hours per week.

37. While employed by Defendant, Plaintiff was not otherwise exempt from the requirement of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, that employees be paid one and one-half times their regular rate of pay for work performed in excess of forty (40) hours in a work week.

38. Plaintiff and other similarly situated employees were required to perform work in excess of forty (40) hours per week as an integral and indispensable part of the principal activities of performing their jobs.

39. Defendant has failed and continues to fail to compensate its employees for this time.

40. Plaintiff was not properly compensated for this work at the applicable rate of pay.

## COLLECTIVE ACTION ALLEGATIONS

41. Defendant employs/employed other non-exempt, hourly Community Support Specialists who are similarly situated to Plaintiff, because they are/were required to perform work in excess of forty (40) hours per week but did not receive overtime compensation at the rate of one-and-one-half times their regular rate of pay for all such time they worked.

42. Plaintiff and the other similarly situated employees were improperly compensated under the FLSA. All such other employees are hereinafter referred to as the "similarly situated" or the "putative representative action plaintiffs" or "putative class members."

43. These "similarly situated" employees were not properly compensated for their work at the legal and proper rate of pay, including overtime wages as mandated by the FLSA.

44. The FLSA requires each covered employer, such as Defendant, to compensate all employees for services performed and to compensate them at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a work week.

45. All similarly situated community support specialists working for Defendant are similarly situated in that they all are required to perform work in excess of forty (40) hours per week as an integral and indispensable part of the principal activities of performing their job.

46. All similarly situated community support specialists are similarly situated in that they are all subject to Defendant's same compensation policies and plan that requires these employees to perform work without compensation as an integral and indispensable part of the principal activities of performing their job. In sum, these practices deny similarly situated community service specialists overtime compensation.

47. Plaintiff brings Count I (FLSA) as an "opt-in" collective action pursuant to 29 U.S.C. §216(b). Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendant's practice of systematically failing to pay Plaintiff and other similarly situated employees for overtime hours worked. The class for the FLSA claims is defined as: All current and former community support specialist employees of Defendant who worked at a Missouri facility and who were not paid adequate overtime compensation at any time during the last three years.

48. Pursuant to 29 U.S.C. § 216(b), FLSA claims may be pursued by those who opt-in to this case.

49. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging, among other FLSA violations, Defendant's practice of requiring Plaintiff and other similarly situated community support specialists to inaccurately record hours

worked and Defendant's practice of failing to pay Plaintiff and other similarly situated employees for all hours worked at a proper, legal rate, including overtime compensation. The number and identity of other plaintiffs yet to opt-in and consent to be party-plaintiffs may be determined from the records of Defendant, and potential party-plaintiffs may easily and quickly be notified of the pendency of this action.

**COUNT I**
**Violation under 29 U.S.C. § 201** *et seq.*
**Failure to Pay Overtime Wages**

50. Plaintiff re-alleges and incorporates by reference each and every allegation and averment set forth in this Complaint as though fully set forth herein.

51. Plaintiff was employed by Defendant at Defendant's Kirksville, Missouri facility as a community support specialist.

52. The community support specialist's job duties often caused Plaintiff to work in excess of forty (40) hours per week.

53. Plaintiff was not properly compensated for this work at the applicable rate of pay.

54. Defendant employs/employed other community support specialists at its facility(ies) who are/were required to perform in excess of forty (40) hours a week. All such employees are hereby referred to as "similarly situated" employees, or "putative class members."

55. Said "similarly situated" community support specialists were not properly compensated for overtime work at the applicable rate of pay.

56. The FLSA requires each covered employer, such as Defendant, to compensate all employees for services performed and to compensate them at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a work week.

57. All similarly situated community support specialists are similarly situated in that they are all subject to Defendant's compensation policies and plan that denies payment for any work done over forty (40) hours in a workweek and denies similarly situated facility employees their overtime compensation.

58. Plaintiff brings this Complaint as a collective action pursuant to 29 U.S.C. § 216(b) of the FLSA, on behalf of all persons who were, are, or will be employed by Defendant as similarly situated community support specialists within three years from the commencement of this action who have not been compensated at the proper wage of one and one-half times the regular rate of pay for all services performed in excess of forty (40) hours per week.

59. This Complaint is being brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) of the FLSA for all claims asserted by Plaintiff because her claims are similar to the claims of the putative class members.

60. The names and addresses of the putative class members are available from the Defendant. To the extent required by law, notice will be provided to said individuals via First Class Mail and/or by the use of techniques (including a form of notice) similar to those customarily used in representative and collective actions.

61. Defendant failed to compensate Plaintiff and the putative class members at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a work week, and therefore, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. § 207(a)(1).

62. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

63. Plaintiff, on behalf of herself and all similarly situated community support specialists of Defendant who compose the putative class, seek damages in the amount of all respective unpaid overtime compensations at a rate of one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

64. Plaintiff, on behalf of herself and all similarly situated employees of Defendant who compose the putative class, seek recovery of all attorney fees, costs, and expenses of this action, to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, on behalf of herself and all proposed class members, pray for relief as follows:

a. Designation of this action as a collective action on behalf of the proposed putative class members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members (the FLSA opt-in class), apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consent to Join pursuant to U.S.C. § 216(b);

b. Designation of Plaintiff as Representative Plaintiff, acting for and on behalf of the putative class members;

c. An award of damages for heretofore unpaid overtime compensation due for Plaintiffs and the putative representative action Plaintiffs;

d. Liquidated damages, to be paid by Defendant;

e. Pre-Judgement and Post-Judgement interest, as provided by law;

f.  Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees; and

g.  Any and all such other and further relief as this Court deems necessary, just, and proper.

Respectfully Submitted,

CORNERSTONE LAW FIRM

By: _/s/ Joshua P. Wunderlich_
Joshua P. Wunderlich  MO BAR 64254
j.wunderlich@cornerstonefirm.com
Lauren H. Bridge      MO BAR 72724
l.bridge@cornerstonefirm.com
5821 Northwest 72nd Street
Kansas City, Missouri 64151
Telephone         (816) 581-4040
Facsimile         (816) 741-8889

ATTORNEYS FOR PLAINTIFF