# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| AMANDA WILSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 2:22-CV-15 RLW |
| PREFERRED FAMILY HEALTHCARE, INC. | ) ) ) ) |
| Defendant. | ) ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Preferred Family Healthcare, Inc.'s Motion to Dismiss. (ECF No. 7). Plaintiff Amanda Wilson opposes the motion and it is fully briefed. For the reasons below, the motion will be denied.

## Background

Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, alleging that Defendant failed to compensate her and other employees for time worked over 40 hours. ("FLSA Action"). (ECF No. 1, ¶¶ 23-40). Plaintiff is pursuing a separate action against Defendant in this Court for alleged employment discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213; the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. §§ 213.010-213.137; the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601-2654; and the False Claims Act ("FCA"), 21 U.S.C. § 3729 ("Discrimination Action"). *See* 2:21-CV-79 RLW.

## Discussion

In its Motion to Dismiss, Defendant argues that this Court must dismiss Plaintiff's FLSA Action under the prior-pending-action doctrine. (ECF No. 7, p. 1). Defendant asserts that Plaintiff

"cannot maintain multiple suits, based on the same subject and the same alleged facts, under the guise of a repackaged theory of recovery against the same Defendant." (ECF No. 8, p. 5). Plaintiff counters that Defendant has misconstrued the allegations in the FLSA Action and that the pending lawsuits are not duplicative. (ECF No. 9, p. 1). The Court agrees with Plaintiff.

"The decision whether to hear a particular pretrial motion that is not authorized expressly by the federal rules or a statute is largely a matter of judicial discretion[.]" 5C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1360 (3d ed. 2022). Courts traditionally entertain motions to dismiss a duplicative action as part of their "inherent power . . . to regulate actions pending before [them]." *Id.* As to the appropriate standard for this type of motion, "[t]here is no test of universal applicability used to determine if [preclusion of a later-filed action] is appropriate. Courts have developed various approaches for dealing with this gray area[.]" 18 James Wm. Moore et al., *Moore's Federal Practice*, § 131.20[1] (3d ed. 2022).

This Court has held that a later-filed action should be dismissed if it "involves the same subject matter and parties as a previously filed action so that the same facts and issues are presented[.]" *United States v. Doe Run Res. Corp.*, No. 4:10-CV-1895 JCH, 2011 WL 1771007, at *2 (E.D. Mo. May 10, 2011) (citations and internal quotation marks omitted). Dismissal may be appropriate where "an identity of issues exists and the controlling issues in the dismissed action will be determined in the other lawsuit." 5C *Federal Practice and Procedure*, § 1360; *see also Rowayton Venture Group LLC v. McCarthy*, 2020 WL 4340985, *3 (D. Mass. 2020); *Taylor v. Rhode Island Dep't of Correction*, No. 3:05-CV-747 DJS, 2005 WL 1862380, at *1 (D. Conn. July 22, 2005). The Eighth Circuit has not addressed this exact scenario, but a review of relevant jurisprudence supports a finding in Plaintiff's favor.

In *Venable v. Schlumberger Tech. Corp.*, Plaintiff Venable first sued Defendant Schlumberger under the FLSA for unpaid overtime. No. CV 6:16-01336, 2017 WL 1497665, at *1 (W.D. La. Jan. 26, 2017), *report and recommendation adopted sub nom. Venable v. Schlumberger Tech. Corp*, No. CV 6:16-01336, 2017 WL 1498507 (W.D. La. Apr. 24, 2017). Seven months later, Venable filed a second suit against Schlumberger alleging employment discrimination. *Id.* Schlumberger moved to dismiss the second action claiming it arose from the same nucleus of operative facts. *Id.* at *2. Relying on Fifth Circuit precedent, the district court disagreed. *Id.* at *5. The court explained that while Venable's FLSA claim turned on whether Schlumberger failed to pay overtime, his employment discrimination claim turned on whether Schlumberger wrongfully terminated him. *Id.* (citing *Towns v. Ne. Mississippi Elec. Power Ass'n*, 478 F. App'x 244, 248 n.2 (5th Cir. 2012)). The district court also noted that "other potential plaintiffs with overtime claims but without employment discrimination claims may exist, so filing a separate collective action suit provides members of the putative class a chance for relief." *Id.*

Here, Plaintiff first sued Defendant for employment discrimination. *See* 2:21-CV-79 RLW. Seven months later, Plaintiff filed the present action for alleged failure to pay overtime in violation of the FLSA. (ECF No. 1). Both actions remain pending before the Court. Plaintiff's claims are virtually identical to those at issue in *Venable*. And like the claims in *Venable*, Plaintiff's separate actions will turn on different key facts. The Discrimination Action requires proof that Defendant discriminated against Plaintiff because of her disability. 42 U.S.C. §§ 12101-12213. The FLSA Action, however, requires proof that Plaintiff worked overtime and Defendant failed to pay her for those hours. *Bailey v. TitleMax of Georgia, Inc.*, 776 F.3d 797, 801 (11th Cir. 2015). It is possible—indeed, not hard to imagine—that Plaintiff will succeed in one suit and fall short in the other. Although the two actions share some factual background, they do not "contain an identity

3

of issues" and the outcome of one will not necessarily foretell the outcome of the other. *See* 5C *Federal Practice and Procedure*, § 1360.

Defendant relies on *Curtis v. Citibank* for the proposition that Plaintiff's actions are duplicative and the FLSA Action must therefore be dismissed. (ECF No. 8, p. 7) (citing *Curtis v. Citibank, N.A.*, 226 F.3d 133, 140 (2d Cir. 2000)). In *Curtis,* the plaintiffs sued their employer for racial discrimination under both federal and state law. *Curtis*, 226 F.3d at 136. The magistrate judge allowed the plaintiffs to file an amended complaint but denied later motions to amend. *Id.* at 136-37. The plaintiffs appealed the determination of the magistrate judge to the district court. *Id.* at 137. While awaiting a decision, the plaintiffs filed their second amended complaint as a separate action. *Id.* The district court affirmed the magistrate judge's rulings and dismissed the second action as duplicative. *Id.* at 138. The plaintiffs appealed to the Second Circuit. *Id.* The Second Circuit reversed the district court's determination as to allegations that arose after the initial suit but upheld the district court's determination as to claims that could have been brought in the first action. *Id.* at 138-39. In doing so, the Second Circuit explained:

> A court must be careful, when dismissing a second suit between the same parties as duplicative, not to be swayed by a rough resemblance between the two suits without assuring itself that beyond the resemblance already noted, the claims asserted in both suits are also the same. Here they are not entirely duplicative. Thus, dismissal in whole was inappropriate and we must remand this case.

*Curtis*, 226 F.3d at 136.

*Curtis* is distinguishable from the present case in two important respects. *First*, the district court in *Curtis* denied the plaintiff's second motion for leave partially based on the court's desire to keep the litigation manageable. *Id.* at 140. "[G]iven the many delays and disputes over the scope of discovery in *Curtis I*, its concerns were well-founded." *Id. Second*, and more importantly, both lawsuits at issue in *Curtis* relied on allegations of discriminatory conduct arising from the same

factual background. *Id.* at 133-141. Here, as explained above, Plaintiff's separate actions depend on related but distinct factual information. Further, the Court does not believe maintaining two separate actions will make the litigation unmanageable. To the Court's knowledge, neither party here has engaged in the type of delay tactics that factored into the *Curtis* court's decision to dismiss the second suit. In fact, combining the FLSA Action with the Discrimination Action would create undesirable logistical hurdles for the Court and the parties, especially considering the FLSA Action may ultimately involve additional plaintiffs.[1]

The Eighth Circuit's opinion in *Hicks v. O'Meara* is much more instructive. 31 F.3d 744 (8th Cir. 1994). In *Hicks*, two managers entered a one-year contract with a motel to manage the motel's day-to-day activities. *Id.* at 745. The motel's owners fired the managers after only five months of work. *Id.* The managers unsuccessfully sued the owners for wrongful termination in small claims court. *Id.* They then filed an action with the district court alleging that the owners failed to pay statutory minimum and overtime wages in violation of the FLSA. *Id.* The district court granted summary judgment for the owners on the basis that res judicata barred the second suit. *Id.* The Eighth Circuit disagreed and reversed, noting that the managers did not challenge their termination in the FLSA suit. *Id.* at 745-46. The court rejected the owners' argument that the FLSA claim must be dismissed because it depended "on what happened while the employee was working for the employer." *Id.* at 745-46. The Eighth Circuit found that the owners' position was "too simplistic" and "failed to consider all of the underlying facts necessary to prove each separate claim." *Id.* at 745-46. As the Eighth Circuit explained, the core claim in a wrongful-termination

---

[1] Defendant also relies on *Hannah v. Wal-Mart Stores, Inc.,* to argue that Plaintiff's FLSA Action should be dismissed. (ECF No. 8, p. 8) (citing No. 3:14-CV-01808 JCH, 2015 WL 3771699, at *1 (D. Conn. June 17, 2015)). As with *Curtis*, the two actions at issue in *Hannah* involved the same "underlying facts and allegations of discrimination and retaliation[.]" *Hannah*, 2015 WL 3771699, at *6. Thus, *Hannah* is distinguishable from the present scenario for reasons already discussed.

5

suit is whether the termination is wrongful—a determination that depends on the existence and terms of an employment contract. *Id.* By contrast, an FLSA claim depends on the number of hours worked and the amount of wages paid. *Id.*[2]

While *Hicks* is distinguishable in some respects, the Eighth Circuit's rationale weighs heavily in Plaintiff's favor. Like the claims in *Hicks*, Plaintiff's separate actions require different underlying facts to prove different claims. "[T]he two causes of action, though arguably related, are not the same." *Id.* at 746.

## CONCLUSION

The separate actions before this Court do not involve the same issues nor do they turn on identical facts. Put another way, there is not an identity of issues and the outcome of the Discrimination Action will not necessarily determine the outcome of the FLSA Action. *See* 5C *Federal Practice and Procedure*, § 1360. The Court is not "swayed by a rough resemblance between the two suits . . . that beyond the resemblance already noted, the claims asserted in both suits are also the same." *Curtis*, 226 F.3d at 136. The two causes of action, although arguably related, are not the same. *Hicks*, 31 F.3d at 746. For these reasons, the Court will neither dismiss nor stay this action.

---

[2] Res judicata, claim splitting, and the prior-pending-action doctrine are closely related as they are all designed to prevent a multiplicity of lawsuits. *Hargis v. U.S. Bancorp*, No. 4:10CV00027JCH, 2010 WL 2978100, at *4 (E.D. Mo. July 23, 2010).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Preferred Family Healthcare, Inc.'s Motion to Dismiss (ECF No. 7) is **DENIED**.

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 30th day of August, 2022.