IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| AMANDA WILSON, on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 2:22-cv-00015-RLW |
| PREFERRED FAMILY HEALTHCARE, INC., | ) ) ) ) |
| Defendant. | ) |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT**

**COME NOW** Plaintiff Amanda Wilson and Defendant Preferred Family Healthcare, Inc., by and through their respective attorneys undersigned, and for their Joint Motion for Approval of Settlement state to the Court as follows:

The parties herein respectfully and jointly move the Court to approve the proposed private action settlement ("Settlement") reached by the parties and memorialized in the General Release and Settlement Agreement ("Agreement"), attached as Exhibit 1 and incorporated by this reference.

The Settlement set forth in the parties' Agreement will resolve the bona fide disputes involving overtime compensation claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C §§ 201, et seq. Plaintiff's Complaint [Doc #1] was brought on behalf of herself and all others similarly situated alleging that she and other community support specialists of Defendant were entitled to overtime wages for work performed in excess of forty (40) hours per week. Defendant has denied those claims. Although Plaintiff's Complaint was brought as a purported collective action under the FLSA, the parties reached the Settlement prior to the Motion for

1

Certification deadline, i.e., March 6, 2023. The time for Plaintiff to file her Motion for Certification has passed. Only Plaintiff's individual FLSA claims are pending before the Court.

After significant discovery, including the agreement of the parties to use depositions previously taken in a parallel case involving the same parties that was previously pending before this Court, the parties engaged in settlement discussions regarding Plaintiff's individual FLSA claims. The Settlement was achieved through notable counsel negotiations. The parties jointly and respectfully submit that the Settlement and allocation thereof are fair, reasonable, and adequate, and satisfies the criteria for approval under the FLSA.

If approved by the Court, this Settlement will provide settlement payments to Plaintiff at her usual overtime rate for all estimated overtime hours based on Plaintiff's damages estimate. Using Defendant's estimates, the Settlement will provide not only full compensation to Plaintiff, but also liquidated damages in an equal amount. The settlement documents submitted for approval or entry by the Court consist of the following:

> Exhibit 1:   Executed General Release and Settlement Agreement
>
> Exhibit 2:   Proposed Final Order
>
> Exhibit 3:   Declaration of Plaintiff's Counsel Joshua Wunderlich

The following explains the course of the litigation, the negotiations, the principal terms of the Settlement, the proprietary of approving the Settlement, and the proposed distributions of settlement proceeds:

## I. The Litigation and Proposed Settlement

### A. Claims and Issues

Plaintiff was employed by Defendant from January 7, 2019 until September 17, 2020 as a community support specialist in Defendant's Kirksville, Missouri location. Her position as a

community support specialist involved working with clients teaching skills to individuals with substance abuse and/or mental health issues, among other duties. Plaintiff filed her one-Count Complaint on March 25, 2022 for damages under the FLSA wherein she alleged that she and other similarly situated employees of Defendant were not properly compensated for overtime to complete their required duties and paperwork to the extent their work required more than forty (40) hours per week. Plaintiff alleged that she and other community support specialists were compelled to work at least fifty (50) hours per week on average in order to complete their assigned duties, without overtime compensation beyond a maximum of five (5) hours of overtime per week. [Doc #1, ¶ 2]

Plaintiff sought compensation from Defendant for herself and others similarly situated for one and one-half times their regular rate of pay for work performed in excess of forty (40) hours in a work week. Plaintiff's action was an "opt-in" collective action pursuant to 29 U.S.C. § 216(b). Her Complaint defined her putative class as: All current and former community support specialist employees of Defendant who worked at a Missouri facility and who were not paid adequate overtime compensation at any time during the last three years.

Defendant answered the Complaint and denied liability or wrongdoing of any kind.

### B. No Conditional Certification Sought

Plaintiff's private FLSA claims are the only claims before the Court. Pursuant to the Court's Amended Scheduling Order entered on February 17, 2023 [Doc. 35], Plaintiff's motion for certification was required to be filed by March 6, 2023. As part of the parties' settlement agreement, Plaintiff will not file a motion for certification and her time to do so has expired. The Settlement in this matter resolves all of Plaintiff's claims pursuant to her Complaint. There are no conditional class claims before the Court.

### C. Extensive Discovery and Motion Practice

The parties exchanged the initial required discovery disclosures starting in November 2022 and then both parties propounded additional discovery including Interrogatories and Requests for Production of Documents starting in November 2022 through January 2023. Further, based on agreement of the parties, the Court's Amended Case Management Order entered on November 4, 2022 [Doc. #22] provided that all discovery taken and exchanged in an earlier-filed case by Plaintiff against Defendant pending before the Court could be used in this case. Such discovery was to have the same effect as if it had been taken in this case. The prior discovery taken and exchanged between the parties included Responses to Requests to Admissions, deposition testimony from several witnesses (including Plaintiff and supervisors of Defendant), Interrogatory Answers, and substantive document production.

On February 15, 2023, Defendant filed a Motion for Summary Judgment and supporting documents [Doc. #31, 32, 33] on the merits of Plaintiff's individual claims. During the settlement negotiations, the parties agreed to file a Joint Motion to Stay Proceedings on Defendant's Motion for Summary Judgment [Doc. 36].

### D. Settlement Negotiations

After the exchange of meritorious discovery, in January 2023, the parties engaged in significant settlement discussions and negotiations between counsel spanning several weeks. After much discussion and consideration, the parties reached an agreement in principle on or about March 6, 2023.

### E. The Proposed Settlement

The proposed Settlement in Exhibit 1 provides a total settlement payment to Plaintiff in the amount of $50,500.00, with $20,441.20 allocated as attorneys' fees, $15,029.40 as unpaid

4

overtime, and $15,029.40 as liquidated damages. That amount represents full compensation to Plaintiff at her usual overtime rate for all estimated overtime hours, based on Plaintiff's working assumption of hours worked over forty (40) hours to complete her assigned duties for such overtime hours not previously compensated. Based on Defendant's estimates, the Settlement provides not only full compensation to Plaintiff, but also liquidated damages in an equal amount. One-half of the settlement payment will be subject to normal payroll deductions and litigation expenses will also be deducted. The remaining portion of the settlement payment will be subject to 1099 reporting as liquidated damages. Attorney's fees will be paid separately.

The $20,441.20 allocated as attorneys' fees represents a reduction of $10,893.80 from Plaintiff's counsels' lodestar to date, calculated at a combined rate of $450 and $600/hr for 56.9 hours of work performed by two attorneys..

## II. The Proprietary of Approval

The Eighth Circuit has not squarely decided the issue whether district courts are required to review and approve private FLSA settlements. *Melgar v. OK Foods*, 902 F.3d 775, 779 (8th Cir. 2018) ("[W]e recognize an apparent circuit split as to whether private settlements relating to FLSA claims require district court review.") In *Melgar*, the Eighth Circuit reviewed *de novo* the district court's scrutiny in reviewing the attorneys' fee award in the parties' settlement of individual FLSA claims. In so doing, the Court stated it would "assume without deciding that the district court has a duty to exercise some level of review of the Agreement and the attorneys' fee award." *Id.* Such duty by the district court, if one were required, would involve some level of review for "fairness and reasonableness" and that a "review of attorneys' fees included in a settlement agreement requires a certain level of deference by the district court to the parties' agreement." *Id.*

The Eastern District recognizes that the caselaw is "unsettled as to whether judicial approval of a proposed settlement of FLSA claims is required in the absence of a certified class." *King v. Raineri Constr., LLC*, 2015 WL 631253 *1 (E.D. Mo. 2015). The resultant approach by the District Courts has been one of pragmatism: "because declining to review the proposed settlement agreement would leave the parties in an uncertain position, the Court will review the settlement's FLSA-related terms for fairness." *Id*. at *2; *see also Van Winkle v. Mick Keane's Express Delivery Serv., Inc.*, 2022 WL 1122721 (E.D. Mo. 2022). As such, the parties in this matter submit the proposed Settlement in Exhibit 1 to this Court for determination whether the Settlement is fair and reasonable.

In reviewing the proposed Settlement, the district court must determine that the matter "involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties." *King*, at *2. The settlement must reflect a reasonable compromise of issues in dispute as employees cannot wave their entitlement to FLSA overtime pay. *Id*. In determining fairness, the Court is to take into account the "totality of the circumstances." *Id*. The Court is permitted to consider factors such as "the state of the litigation and amount of discovery exchanged, the experience of counsel, the probability of plaintiffs' success on the merits, any 'overreaching' by the employer in the settlement negotiations, and whether the settlement was the product of arm's length negotiations between represented parties based on the merits of the case." *Id*. With respect to review and approval of attorney's fees in a private FLSA matter, "there is a greater range of reasonableness for approving attorney's fees" when the fee was settled through party negotiations. *Id*. at *3 (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp 2d 332, 336 (S.D.N.Y 2012).

The parties respectfully submit to the Court that the proposed Settlement reached in this matter fits the requirements for the Court's approval of private FLSA claims and that the "totality of the circumstances" supports the conclusion that the parties' arm's-length negotiated agreement is fair and equitable to all parties. Notably, the parties engaged in significant meritorious discovery, including the added discovery of Plaintiff's other, earlier-filed case against Defendant consisting of several witness depositions, documents exchanged, and other discovery items. Counsel for both parties are experienced and well-versed with FLSA claims (see Exhibit 3, Plaintiff's Counsel's affidavit, attached hereto and incorporated by this reference); there is no evidence as to any alleged overreaching by the employer during negotiations; and the Settlement is the product of arms-length, interactive discussions by counsel relating to the merits of the case and advisement of their respective clients.

### III. Conclusion

For the reasons set forth above, the parties respectfully request that the Court approve the parties' Settlement set forth in attached Exhibit 1 by entering the proposed order attached hereto as Exhibit 2.

| | |
|---|---|
| **CORNERSTONE LAW FIRM** | **NEALE & NEWMAN, L.L.P.** |
| By /s/ Joshua P. Wunderlich | By /s/ Daniel K. Wooten |
| Joshua P. Wunderlich, MO Bar #64254 | Daniel K. Wooten, MO Bar #48061 |
| 5821 NW 72nd Street | 2144 E. Republic Road, Suite F-302 |
| Kansas City, Missouri 64151 | Springfield, MO 65808 |
| j.wunderlich@cornerstonefirm.com | dwooten@nnlaw.com |
| ***ATTORNEYS FOR PLAINTIFF*** | ***ATTORNEYS FOR DEFENDANT*** |