**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| AMANDA WILSON, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 2:22-CV-15 RLW |
| PREFERRED FAMILY HEALTHCARE, INC., | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the parties' Joint Motion for Settlement Approval. (ECF No. 41). The Court will grant the motion for the reasons below.

### 1.  Background

Plaintiff filed her Complaint on March 25, 2022, for damages under the Fair Labor Standards Act ("FLSA"). (ECF No. 1). Plaintiff alleged that she and other similarly situated employees of Defendant were not properly compensated for hours worked in excess of forty (40) hours per week. *Id.* Plaintiff alleged that she and other community support specialists were compelled to work at least fifty (50) hours per week on average in order to complete their assigned duties, without overtime compensation beyond a maximum of five (5) hours of overtime per week. *Id.*

In the Complaint, Plaintiff seeks compensation from Defendant for herself and others similarly situated for one and one-half times their regular rate of pay for work performed in excess of forty (40) hours in a work week. *Id.* The Complaint contemplates a collective action pursuant to 29 U.S.C. § 216(b). *Id.* The Complaint defined the putative class as: "All current and former

community support specialist employees of Defendant who worked at a Missouri facility and who were not paid adequate overtime compensation at any time during the last three years." *Id.*

Defendant answered the Complaint and denied liability or wrongdoing of any kind. (ECF No. 27).

The parties exchanged the initial disclosures starting in November 2022 and both parties propounded additional discovery, including Interrogatories and Requests for Production of Documents. Further, according to the Court's Amended Case Management Order entered on November 4, 2022 (ECF No. 22), all discovery taken and exchanged in an earlier-filed case by Plaintiff against Defendant pending before the Court could be used in this case. The prior discovery taken and exchanged between the parties included Responses to Requests to Admissions, deposition testimony from several witnesses (including Plaintiff and supervisors of Defendant), Interrogatory Answers, and substantive document production.

After the exchange of meritorious discovery, in January 2023, the parties engaged in significant settlement discussions and negotiations over several weeks. On February 15, 2023, Defendant filed a Motion for Summary Judgment and supporting documents (ECF Nos. 31, 32, 33). During the settlement negotiations, the parties agreed to file a Joint Motion to Stay Proceedings on Defendant's Motion for Summary Judgment. (ECF No. 36). After much discussion and consideration, the parties reached an agreement in principle on or about March 6, 2023.

The parties reached the Settlement Agreement before the deadline for Plaintiff to file her Motion for Conditional Certification. The time for Plaintiff to file the same has passed. Only Plaintiff's individual FLSA claims are pending before the Court.

### 2.  The Settlement Agreement

The Settlement Agreement, attached to the parties' Joint Motion for Settlement Approval as Exhibit 1, provides a total settlement payment to Plaintiff in the amount of fifty thousand five hundred dollars ($50,500.00), with twenty thousand four hundred forty-one dollars and twenty cents ($20,441.20) allocated as attorney's fees, fifteen thousand twenty-nine dollars and forty cents ($15,029.40) as unpaid overtime, and fifteen thousand twenty-nine dollars and forty cents ($15,029.40) as liquidated damages. That amount represents full compensation to Plaintiff at her usual overtime rate for all estimated overtime hours, based on Plaintiff's working assumption of hours worked over forty (40) hours to complete her assigned duties for such overtime hours not previously compensated. Based on Defendant's estimates, the Settlement provides not only full compensation to Plaintiff, but also liquidated damages in an equal amount. One-half of the settlement payment will be subject to normal payroll deductions. Litigation expenses will also be deducted. The remaining portion of the settlement payment will be subject to 1099 reporting as liquidated damages. Attorney's fees will be paid separately.

The $20,441.20 allocated as attorney's fees represents a reduction of $10,893.80 from Plaintiff's counsels' lodestar to date, calculated at a combined rate of $450 and $600 per hour for 56.9 hours of work performed by two attorneys.

It is unclear whether a settlement agreement under the FLSA requires judicial approval. *See Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1026-27 (8th Cir. 2019) (finding it unnecessary to express a view on the circuit split on whether judicial approval is required for all FLSA settlements); *Melgar v. OK Foods*, 902 F.3d 775, 779 (8th Cir. 2018) ("[W]e recognize an apparent circuit split as to whether private settlements relating to FLSA claims require district court review."). Courts in this district typically review an FLSA settlement agreement "for fairness to

3

ensure the parties are not left in an 'uncertain position.'" *Del Toro v. Centene Mgmt. Co., LLC*, No. 4:19-CV-02635-JAR, 2021 WL 1784368, at *1 (E.D. Mo. May 5, 2021) (*citing King v. Raineri Const., LLC*, No. 4:14-CV-1828-CEJ, 2015 WL 631253, at *2 (E.D. Mo. Feb. 12, 2015)). The Court will adopt this approach.

### 2.1   The Settlement Agreement resolves a bona fide dispute.

The Court may only approve an FLSA settlement agreement if it determines that the litigation "involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties." *Del Toro*, 2021 WL 1784368, at *1 (citing *Frye v. Accent Mktg. Servs., LLC*, No. 4:13-CV-59-CDP, 2014 WL 294421, at *1 (E.D. Mo. Jan. 27, 2014)). The requirement that the litigation involve a bona fide dispute is satisfied when the settlement agreement "reflects a reasonable compromise over issues that are actually in dispute." *Van Winkle v. Mick Keane's Express Delivery Serv., Inc.*, No. 4:21-CV-1213-NCC, 2022 WL 1122721, at *1 (E.D. Mo. Apr. 14, 2022) (internal quotation marks omitted).

Here, the Settlement Agreement is the product of contested litigation. The parties engaged in extensive discovery and participated in adversarial motion practice. The Settlement Agreement itself makes clear that Defendant does not admit any wrongdoing. (ECF No. 41-1 at 6). What is more, employees may not waive their entitlement to minimum wage and overtime under FLSA, so a reasonable compromise relating to such issues resolves a bona fide dispute. *King v. Raineri Const., LLC*, No. 4:14-CV-1828 CEJ, 2015 WL 631253, at *2 (E.D. Mo. Feb. 12, 2015) (citing *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 115 (1946)). For these reasons, the Court finds that the parties' Settlement Agreement resolves a bona fide dispute.

## 2.2   The Settlement Agreement is fair and equitable.

In determining whether a settlement is fair and equitable under the FLSA, the Court "may consider a multitude of factors, including (1) the stage of the litigation and the amount of discovery exchanged, (2) the experience of counsel, (3) the probability of the plaintiff's success on the merits, (4) any overreaching by the employer in the settlement negotiations, and (5) whether the settlement is the product of arm's length negotiations between represented parties based on the merits of the case." *Stainbrook v. Minnesota Dep't of Pub. Safety*, 239 F. Supp. 3d 1123, 1126 (D. Minn. 2017) (citation omitted). There is a strong presumption in favor of finding a settlement fair. *Del Toro*, 2021 WL 1784368, at *1 (citation omitted).

Here, as explained above, the parties participated in discovery and motion practice. There is no indication that Defendant overreached during settlement negotiations or that the agreement is the product of non-arm's length negotiations. Further, counsel appears to have extensive experience with this area of law. Accordingly, the Court finds that the Settlement Agreement is fair and equitable.

## 3.   Attorney's Fees

This Court need only consider whether the requested amount of attorney's fees is fair and reasonable. *Del Toro*, 2021 WL 1784368, at *2. A settlement agreement is entitled to a "certain level of deference" and the Court need not undertake a "line-by-line, hour-by-hour review." *Salone v. Cushman & Wakefield U.S., Inc.*, No. 4:21 CV 1151-RWS, 2023 WL 1861055, at *2 (E.D. Mo. Feb. 9, 2023) (citing *Melgar*, 902 F.3d at 779) (internal quotation marks omitted). The following factors are relevant to the Court's determination: (1) whether the fee is fixed or contingent; (2) the amount involved and the results obtained; (3) the novelty and difficulty of the questions; (4) the

experience, reputation, and ability of the attorneys; and (5) awards in similar cases. *Id.* (cleaned up).

Plaintiff's counsel has shown an ability to navigate the complex issues involved in this case. Plaintiff's attorneys have obtained meaningful relief for their client and Defendant does not object to the award of attorney's fees. The Court finds that the award of attorney's fees in this case is fair and reasonable.

### 4. Conclusion

The Settlement Agreement represents a fair and equitable resolution to a bona fide dispute. The request for attorney's fees is fair and reasonable.

Accordingly,

**IT IS HEREBY ORDERED** that the parties' Joint Motion for Settlement Approval is **GRANTED**. (ECF No. 41).

**IT IS FURTHER ORDERED** that upon receipt of the settlement payment from Defendant, the parties shall file a stipulation for dismissal in accordance with the Settlement Agreement and Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Court will retain jurisdiction over this matter to enforce the terms of the parties' Settlement Agreement.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 10th day of May, 2023.

6